**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Roman D. de los Santos,<br><br>    Plaintiff,<br><br>vs.<br><br>Ken L. Salazar, Secretary, Department of the Interior; Jim Hasting, BIA/BIE ELO Indian Education Program, Phoenix, Arizona; Karen Dawson, ELO; Keith Seaman, Principal, Santa Rosa Boarding School, Sells, Arizona,<br><br>    Defendants. | No. CV-11-00762-TUC-FRZ<br><br>**ORDER** |

Roman de los Santos is a former employee of the Santa Rosa Boarding School located in Sells, Arizona. In November 2011, he filed a pro se complaint against the school's Principal, the Secretary of the Interior, and two Education Line Officers with the Bureau of Indian Education. Doc. 1. Plaintiff also filed a motion for leave to proceed in forma pauperis. Doc. 2. For reasons stated below, the Court will dismiss the complaint with leave to amend and deny the motion without prejudice. Plaintiff shall have until **May 25, 2012** to file an amended complaint.

Pursuant to 28 U.S.C. § 1915(e)(2), the Court is required to screen complaints brought by litigants seeking to proceed in forma pauperis. *See Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000). The Court must dismiss a complaint where the claims are frivolous or malicious, fail to state a claim for relief, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

## I. Dismissal of the Complaint.

Rule 8 of the Federal Rules of Civil Procedure, among other things, requires a "short and plain" statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). While no technical form is required, "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1).

Plaintiff's complaint fails to comply with the pleading requirements of Rule 8. The complaint is a 56-page narrative of events spanning many years. It asserts unspecified claims under a host of federal laws, including Title VII, Title IX, the ADA, the ADEA, and the Fifth and Fourteenth Amendments. Even when the complaint is read liberally, it is difficult, if not impossible, to discern any specific cause of action against any particular Defendant.

To survive dismissal, a complaint must give each defendant "fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). While this standard requires inclusion of the factual and legal basis for each claim, lengthy narrative-style pleadings like the one filed in this case fail to provide the defendants with fair notice of the claims asserted against them. In the absence of fair notice, a defendant "should not be required to expend legal resources to guess which claims are asserted against her or to defend all claims 'just in case.'" *Gregory v. Ariz. Div. of Child Support Enforcement*, No. CV11-0372-PHX-DGC, 2011 WL 3203097, at *1 (D. Ariz. July 27, 2011).

In summary, Plaintiff's complaint will be dismissed for failure to meet Rule 8's pleading requirements or otherwise state a claim for relief. *See McHenry v. Renne*, 84 F.3d 1172, 1178-79 (9th Cir. 1996) (dismissing complaint that failed to satisfy Rule 8 and noting that prolix, confusing complaints that make it difficult to determine who is being sued, for what relief, and on what theory "impose unfair burdens on litigants and judges").

## II. Leave to Amend.

Under Rule 15 of the Federal Rules of Civil Procedure, the Court should freely give leave to amend when justice so requires. Fed. R. Civ. P. 15(a)(2). This Circuit has made

1 clear that "[a] pro se litigant must be given leave to amend his or her complaint unless it is
2 absolutely clear that the deficiencies of the complaint could not be cured by amendment."
3 *Karim-Pahani v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988) (quotation marks and
4 citations omitted).  Pursuant to Rule 15(a)(2), and in the interest of justice, the Court will
5 exercise its discretion and grant Plaintiff leave to file an amended complaint by **May 25,**
6 **2012**.  *See Lopez*, 203 F.3d at 1124 (holding that a district court retains discretion over the
7 terms of dismissal under 28 U.S.C. § 1915(e)(2)).

8 Plaintiff is advised that in order to survive dismissal, the amended complaint must
9 satisfy the pleading requirements of Rule 8.  Specifically, the complaint shall contain a short
10 and plain statement of the grounds upon which the Court's jurisdiction depends, a short and
11 plain statement of each specific claim asserted against each Defendant, and a demand for the
12 relief sought.  Fed. R. Civ. P. 8(a)(1)-(3).  These pleading requirements are to be set forth
13 concisely in separate and discrete numbered paragraphs.  The complaint also must set forth
14 each legal claim for relief in a separate count (i.e., count one, count two, etc.).  Given this
15 specific guidance on pleading requirements, the Court is not inclined to grant Plaintiff leave
16 to file a second amended complaint if the first amended complaint were found to be deficient.

17 **III.    Plaintiff's Other Obligations.**

18 Plaintiff is further advised that he must become familiar with, and follow, the Federal
19 Rules of Civil Procedure and the Rules of the United States District Court for the District of
20 Arizona ("Local Rules").  *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1986) (pro se
21 litigants "must follow the same rules of procedure that govern other litigants"); *Carter v.*
22 *Comm'r of Internal Revenue*, 784 F.2d 1006, 1008 (9th Cir. 1986) ("Although pro se,
23 [plaintiff] is expected to abide by the rules of the court in which he litigates.").  The Federal
24 Rules of Civil Procedure and the Court's Local Rules are available at the Court's Internet
25 website:  www.azd.uscourts.gov (follow link titled "Rules/General Orders").

26 If Plaintiff fails to prosecute this action, or if he fails to comply with the rules or any
27 Court order, the Court may dismiss the action with prejudice pursuant to Rule 41(b) of the
28 Federal Rules of Civil Procedure.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir.

1992); *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995).

**IT IS ORDERED:**

1. The complaint (Doc. 1) is **dismissed** without prejudice and with leave to amend.
2. The motion for leave to proceed in forma pauperis (Doc. 2) is **denied** as moot and without prejudice to refiling.
3. Plaintiff shall have until **May 25, 2012** to file an amended complaint consistent with this order. No extension of time will be granted absent a showing of good cause.
4. The Clerk is directed to terminate this action without further notice from the Court if Plaintiff fails to comply with this order.

DATED this 23rd day of April, 2012.

Frank R. Zapata
Senior United States District Judge